[No. S106706. Apr. 15, 2004.]

In re RONNIE E. YOUNG on Habeas Corpus.

902

## Counsel

David H. Goodwin for Petitioner Ronnie E. Young.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Paul D. Gifford, Assistant Attorney General, Susan Duncan Lee, Julie L. Garland and Heather L. Bushman, Deputy Attorneys General, for Respondent the People.

## Opinion

**CHIN, J.**—We must decide whether the Director of Corrections' discretion to reduce a prisoner's sentence up to 12 months for "perform[ing] a heroic act in a life-threatening situation" (Pen. Code,[1] § 2935), is subject to the "Three Strikes" law's limitation on postsentence credits to 20 percent of the prisoner's sentence. (§§ 667, subd. (c)(5) (hereinafter section 667(c)(5)), 1170.12, subd. (a)(5).)

■ We conclude that a "reduction of the sentence" under section 2935 is distinct from credits under the Three Strikes law, and thus, is not subject to its 20 percent limitation. (§§ 667(c)(5), 1170.12, subd. (a)(5).) Accordingly, we reverse the judgment of the Court of Appeal, which held to the contrary.

### Factual And Procedural Background

This background is largely taken from the Court of Appeal's opinion.

In 1996, petitioner Ronnie E. Young pleaded guilty to first degree burglary and was sentenced to nine years in state prison. He also had a prior felony conviction, which subjected him to the Three Strikes law. In January 2001, while serving his prison sentence, petitioner saved the life of his work supervisor, Bud Stocking, by performing the Heimlich maneuver and dislodging food blocking Stocking's airway. Stocking had motioned another inmate to help, but that inmate refused.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

Petitioner requested the Department of Corrections (Department) to reduce his sentence based on this event. (§ 2935.) Stocking expressed gratitude to petitioner for his actions, but the Department denied petitioner's request because he had already been awarded the maximum amount of credit permitted under the Three Strikes law. (§§ 667(c)(5), 1170.12, subd. (a)(5).) Petitioner filed a petition for a writ of habeas corpus, which the superior court summarily denied. The Court of Appeal issued an order to show cause, but later denied the petition.

Relying on what it considered to be the plain language of section 667, the Court of Appeal majority held that the sentence reduction under section 2935 is subject to the 20 percent limitation of credits under section 667(c)(5). The majority concluded, "It would elevate form over substance to conclude that a reduction differs from a credit." However, the majority reached its conclusion "regretfully": "We publish this opinion to urge the Legislature to amend section 667 so that such an inmate is theoretically eligible to receive a reduction of sentence pursuant to section 2935."

Presiding Justice Gilbert, in dissent, agreed with petitioner that section 2935's sentence reduction was unrelated to credits under the Three Strikes law. He found it significant that section 667(c)(5) and section 2935 employ different language. He joined the majority's urging to amend section 667.

### Discussion

■ Defendants who are serving their determinate prison sentences may earn prison conduct credits to "shorten the period of incarceration." (*People v. Cooper* (2002) 27 Cal.4th 38, 40 [115 Cal.Rptr.2d 219, 37 P.3d 403]; §§ 2931 [good behavior/participation credit available to persons who committed crimes before 1983], 2933 [worktime credits].)

Another way defendants may shorten their period of incarceration is by performing a heroic act under section 2935. The Three Strikes law, however, limits the amount of credits available under article 2.5 to 20 percent of the defendant's sentence. (§§ 667(c)(5), 1170.12, subd. (a)(5).) The question is, does a "reduction of the sentence" under section 2935 constitute a credit for purposes of the Three Strikes law? We conclude that it does not.

■ As part of the Three Strikes law amending section 667 in 1994, section 667(c)(5) provides that a recidivist prisoner's postsentence conduct credits may not exceed 20 percent of the sentence: "Notwithstanding any other law . . . [¶] . . . [t]he total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not

accrue until the defendant is physically placed in the state prison."[2] (See *In re Martinez* (2003) 30 Cal.4th 29, 34 [131 Cal.Rptr.2d 921, 65 P.3d 411] ["recidivist with a prior strike may earn postsentence credits only up to 20 percent of the total prison sentence"].)

Enacted in 1982 and not amended since then, section 2935 provides in full: "Under the guidelines prescribed by the rules and regulations of the director,[3] the Director of Corrections may grant up to 12 additional months of reduction of the sentence to a prisoner who has performed a heroic act in a life-threatening situation, or who has provided exceptional assistance in maintaining the safety and security of a prison." (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 462–463 [279 Cal.Rptr. 834, 807 P.2d 1063].)

Our task is to determine the meaning of and relationship between sections 667(c)(5) and 2935 in this context. "We begin by examining the words of the respective statutes; if the statutory language is not ambiguous, then we presume the Legislature meant what it said, and the plain meaning of the language governs. [Citations.] If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such situations, we strive to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statutes' general purposes." (*People v. Walker* (2002) 29 Cal.4th 577, 581 [128 Cal.Rptr.2d 75, 59 P.3d 150].)

The Three Strikes law's limitation on postsentence credits applies "[n]otwithstanding any other law." (§ 667(c)(5).) We recently affirmed that this language " 'eliminates potential conflicts between alternative sentencing schemes' by providing that for defendants with a qualifying prior conviction, the Three Strikes law 'takes the place of whatever law would otherwise determine . . . sentence for the current offense.' " (*People v. Acosta* (2002) 29 Cal.4th 105, 132 [124 Cal.Rptr.2d 435, 52 P.3d 624] [§ 667, subd. (f)(1)].) By its own terms, section 667(c)(5) applies to "credits awarded pursuant to Article 2.5 (commencing with Section 2930) . . . ." Thus, we have held that section 2933, governing prison worktime credits, is subject to section 667(c)(5)'s 20 percent limitation. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 32 [108 Cal.Rptr.2d 625, 25 P.3d 1103].)

---

[2] Section 1170.12, subdivision (a)(5), part of the Three Strikes law passed by initiative in 1994, provides essentially the same. For ease of reference, we will refer only to section 667(c)(5) throughout.

[3] California Code of Regulations, title 15, section 3043, subdivision (h), provides that an inmate may receive up to 12 months' reduction of sentence for "(1) Acts preventing loss of life or injury to the public, staff, or other inmates. [¶] (2) Acts preventing significant loss or destruction of property. [¶] (3) Providing sworn testimony in judicial proceedings involving prosecution of a felony offense which occurred within the prison."

Although agreeing that section 2935 is part of article 2.5, petitioner maintains that section 2935 does not include the term "credits," and cites other provisions in article 2.5 that do include that term. As such, "petitioner submits that when the Legislature subsequently used the term credits, as it did in section 667, it should be construed to refer only to statutes using that term." We agree.

■ Section 2935 gives the Director of Corrections discretion to grant a prisoner up to "12 additional months of reduction of the sentence" for performing a heroic act. Unlike section 2935, provisions governing good behavior and participation credits available to persons who committed crimes before 1983 (§ 2931), worktime credits (§ 2933), and those provisions referring to sections 2931 or 2933 in article 2.5 (§§ 2932, 2932.5, 2933.1, 2933.2, 2933.3, 2933.6, 2934) all include the term "credit."

■ The absence of the term "credit" in section 2935 is significant because the 20 percent limitation expressly applies to "credits" awarded under article 2.5. (§ 667(c)(5).) "Where a statute referring to one subject contains a critical word or phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent." (*Craven v. Crout* (1985) 163 Cal.App.3d 779, 783 [209 Cal.Rptr. 649].)[4] Indeed, section 190, which sets forth the punishment for murder, provides that "Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not apply to reduce any minimum term of a sentence imposed pursuant to this section." (§ 190, subd. (e).) In contrast to section 667(c)(5), section 190, subdivision (e), contains broad language that would arguably govern any "reduction" under section 2935. Finally, the term "additional" in section 2935 suggests that a sentence reduction under this provision is above and beyond the credit available under sections 2931 and 2933. This interpretation would avoid rendering the term "additional" superfluous. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1030 [68 Cal.Rptr.2d 655, 945 P.2d 1204].)

The legislative history of the Three Strikes law also supports this conclusion. That history suggests that the 20 percent limitation applies to only postsentence conduct credits in article 2.5 (e.g., §§ 2931, 2933). The revised analysis of Assembly Bill No. 971, which amended section 667, stated: "This bill provides that: [¶] . . . [¶] 2. A person who has been convicted of one or more prior serious or violent felonies be limited to *good-time/work-time credits* not to exceed one-fifth of the total term of imprisonment imposed, for

---

[4] The fact that section 2935 is contained in article 2.5, entitled Credit on Term of Imprisonment, is not dispositive. As petitioner correctly observes, article headings are unofficial and do not affect the scope, meaning, or intent of a statute. (*People v. Tufunga* (1999) 21 Cal.4th 935, 948 [90 Cal.Rptr.2d 143, 987 P.2d 168], citing § 10004.)

any new felony." (Off. of Sen. Floor Analyses, Rep. to Sen. Rules Com. on Assem. Bill No. 971 (1993–1994 Reg. Sess.) Mar. 2, 1994, p. 1, italics added; *In re Cervera* (2001) 24 Cal.4th 1073, 1083–1084 [103 Cal.Rptr.2d 762, 16 P.3d 176] (conc. opn. of Werdegar, J.).)

■ The difference between a sentence reduction and a credit is not merely semantic in this context. There is a qualitative difference between a sentence reduction based on a heroic act (§ 2935) and postsentence conduct credits (§§ 2931, 2933). Sections 2931 and 2933 serve to encourage a prisoner's conformity to prison regulations and his participation in rehabilitative activities to facilitate reintegration into society. (*People v. Saffell* (1979) 25 Cal.3d 223, 233 [157 Cal.Rptr. 897, 599 P.2d 92]; *People v. Caruso* (1984) 161 Cal.App.3d 13, 19 [207 Cal.Rptr. 221].) By working and not engaging in misconduct in prison, i.e., activities that generally affect only the prisoner himself, a prisoner may earn credits toward reducing his determinate sentence. (§§ 2931, 2932, 2933.) Section 2935, however, is substantially different because it rewards a prisoner's selfless act of heroism, which may save the life of another. In this case, petitioner saved the life of his work supervisor when another prisoner refused to help. As petitioner emphasizes, his heroic act in prison was particularly significant because other prisoners may have become hostile toward him for helping "the enemy," and prison guards could have misconstrued petitioner's actions as attacking rather than saving the supervisor.

■ The Legislature has treated a heroic act reduction (§ 2935) differently than conduct credits in other respects also. For instance, section 2932, subdivision (a)(1), provides that "any time credit accumulated pursuant to Section 2931 or to Section 2933" may be "denied or lost" under certain circumstances. In contrast, section 2935 is not subject to section 2932's limitations. Thus, a one-time sentence reduction for a heroic act, which act will presumably occur infrequently, may not be denied or lost either partially or completely based on a prisoner's misconduct. ■ Indeed, unlike sections 2931 and 2933, section 2935 by its own terms is not expressly limited to determinate sentences. (§§ 2931, subd. (a) [provision applicable to sentences under § 1170], 2933, subd. (a) [same]; *People v. Buckhalter, supra*, 26 Cal.4th at p. 31; but see § 190, subd. (e) ["Article 2.5 . . . shall not apply to reduce any minimum term of a sentence imposed pursuant to this section"].) These differences further demonstrate that the Legislature considered a sentence reduction under section 2935 qualitatively and functionally distinct from postsentence conduct credits (§§ 2931, 2933).

In prison, where correctional officers and other employees face substantial dangers already, encouraging prisoners to behave in a manner that might save lives is commendable and necessary. A contrary interpretation of sections

667(c)(5) and 2935 would create a disincentive for Three Strikes prisoners who have reached their maximum credit limit to "perform[] a heroic act in a life-threatening situation." (§ 2935.) It is difficult to imagine that the Legislature intended to give all prisoners, *except* those Three Strikes prisoners, an incentive to save another's life. Moreover, as petitioner notes, subjecting section 2935 to the 20 percent limitation under section 667(c)(5) could create the anomalous result of rewarding prison misconduct. For instance, if two Three Strikes prisoners who have reached their 20 percent limit both perform a heroic act, only the prisoner who engages in misconduct and thus loses time credit under section 2932 would be eligible for a sentence reduction under section 2935.

The purpose of the Three Strikes law is "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b) [legislative intent applicable to subds. (b)–(i) inclusive].) Allowing Three Strikes prisoners to receive at most a one-year sentence reduction for performing a heroic act (§ 2935) does not undermine this purpose: these recidivist prisoners are still serving longer sentences than first-time offenders. Moreover, "our decisions make clear that this purpose is not a mantra that the prosecution can invoke in any Three Strikes case to compel the court to construe the statute so as to impose the longest possible sentence." (*People v. Garcia* (1999) 20 Cal.4th 490, 501 [85 Cal.Rptr.2d 280, 976 P.2d 831].)

CONCLUSION

We reverse the Court of Appeal's judgment and remand the cause for proceedings consistent with this opinion.[5]

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Brown, J., and Moreno, J., concurred.

---

[5] We are advised that petitioner has been released from prison on parole. Notwithstanding his release, a sentence reduction under section 2935 may still benefit petitioner by reducing his parole period. (See *In re Reina* (1985) 171 Cal.App.3d 638, 642 [217 Cal.Rptr. 535]; *In re Ballard* (1981) 115 Cal.App.3d 647, 649 [171 Cal.Rptr. 459].)