Filed 8/26/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041657 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS141089) |
| v. | |
| THOMAS ADRIAN TOLOY, | |
| Defendant and Appellant. | |

A Penal Code section 290[1] registrant is required to reregister within five working days of his or her release after serving a jail sentence of 30 days or more. (§§ 290, 290.015, subd. (a).) "Any person who is released . . . from a jail . . . where he or she was confined, who is required to register pursuant to the Act, shall, prior to . . . release, be informed of his or her duty to register under the Act by the official in charge of the place of confinement . . . ." (§ 290.017, subd. (a).)

Defendant Thomas Adrian Toloy, a section 290 registrant, was released from jail in April 2014 after serving a jail term of more than two months. Although he had previously been informed of his obligation to reregister following release after a jail term of 30 days or more, he was not again informed of that duty upon his April 2014 release

---

[1]     Subsequent statutory references are to the Penal Code.

from jail. He failed to reregister, was convicted by court trial of failing to reregister, and was committed to state prison.

On appeal, he contends that he could not be convicted of failing to reregister due to the failure to give the notice required by section 290.017.[2] The Attorney General asserts that section 290.017 does not require notice to be given each time a person required to register under section 290 is released from confinement. We conclude that section 290.017 does requires notification upon each release, but we also conclude that the requirement is directory rather than mandatory and therefore did not provide a defense to defendant. Consequently, we affirm the judgment.

## I. Background

In 2001, defendant was convicted of continuous sexual abuse of a child under 14 (§ 288.5), sentenced to 12 years in prison, and ordered to register as a sex offender under section 290. He was released on parole in 2011. His performance on parole was "[d]ismal." Defendant served time in jail seven times for parole violations.

Defendant registered with the Salinas Police Department under section 290 on January 7, 2014. The residence he registered was a hotel in Salinas. He had registered under section 290 at least 20 times since his release from prison in 2011. At the time of his January 2014 registration, he was informed of his obligation to reregister upon release from incarceration if he served a term of 30 days or more.

Defendant served a jail term in the Monterey County jail for a parole violation from February 5, 2014 to April 13, 2014. There is no evidence that he was again informed of his reregistration obligation upon his release from jail in April 2014. After

---

[2] Defendant's appellate counsel originally filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that raised no issues. We asked the parties to brief this issue, and both parties did so.

his release from jail, defendant returned to residing at the same hotel in Salinas that he had registered as his residence in January 2014. It is undisputed that section 290.015 required him to reregister within five working days after his release. (§ 290.015, subd. (a).) The day after his release, he reported to the parole office, and a GPS tracking device was placed on his ankle. However, he did not reregister with the Salinas Police Department. On May 1, 2014, defendant was arrested for failing to reregister. He was wearing his GPS device at the time of his arrest. He admitted that he was aware of his obligation to reregister within five days of his release from jail and that he had not done so.

Defendant was charged by amended information with failure to register as a sex offender upon release from incarceration (§ 290.015). The amended information also alleged that he had suffered a prior strike conviction (§ 1170.12) and had served a prison term for a prior felony conviction (§ 667.5, subd. (b)). He waived his right to a jury trial and elected to have a court trial.

Defendant testified on his own behalf at the trial. He claimed that he was unaware of his obligation to reregister after serving a jail term of 30 days or more. Defendant acknowledged that he had initialed a form informing him of that obligation when he reregistered in January 2014, but he maintained that he believed it applied only if he was a transient. He also blamed his parole agent and the sheriff's department for failing to notify him of his obligation to reregister upon his release from jail. Defendant characterized his failure to reregister as a "complete oversight" on his part. Nevertheless, he admitted he was responsible for ensuring that he complied with his registration obligations.

Defendant's trial counsel argued that there was a lack of compliance with section 290.017 when defendant was not notified upon his release of his registration obligations. The prosecutor argued that section 290.017 applies only "the first time when

3

they're informed of their 290 status and upon their first introduction to what 290 means." The court concluded that defendant's testimony "doesn't have the ring of truth" and deemed him not credible. It found him guilty and found the strike and prison prior allegations true.

The court denied defendant's motion to strike the strike finding, but it struck the prison prior. Defendant was committed to state prison for a term of 32 months. He timely filed a notice of appeal.

## II. Discussion

### A. Statute Requires Notice

Defendant contends that section 290.017 required that he be given notice of his registration obligations upon his April 2014 release from jail. The Attorney General argues that section 290.017 does not require "repeated notifications upon each subsequent release," which she contends "would be unnecessary, superfluous, and potentially confusing."

Section 290.017, subdivision (a) provides: "Any person who is released, discharged, or paroled from a jail, state or federal prison, school, road camp, or other institution where he or she was confined, who is required to register pursuant to the Act, shall, prior to discharge, parole, or release, be informed of his or her duty to register under the Act by the official in charge of the place of confinement or hospital, and the official shall require the person to read and sign any form that may be required by the Department of Justice, stating that the duty of the person to register under the Act has been explained to the person." Subdivisions (c) and (d) of section 290.017 require notice to be given to those released on probation or conditional release. (§ 290.017, subds. (c), (d).)

4

Section 290.017's express language does not limit its notification provisions to a section 290 registrant's initial release from confinement. The legislative history of section 290.017 confirms that it is not so limited. Section 290.017 was enacted in 2007. Before section 290.017's enactment, former section 290 required notification when a person was released from custody only after being "confined *because of the commission" of an offense requiring registration*. (Former § 290, subd. (b), italics added; Stats. 2006, ch. 538, § 500, p. 4368; Stats. 1979, ch. 944, § 8, p. 3255.) This is how the Attorney General would like us to read section 290.017. However, section 290.017 does not include this limiting language.

"Generally, a substantial change in the language of a statute or constitutional provision by an amendment indicates an intention to change its meaning." (*Mosk v. Superior Court* (1979) 25 Cal.3d 474, 493.) "Changes in wording and phraseology are presumed to have been deliberately made . . . ." (*Estate of Simpson* (1954) 43 Cal.2d 594, 600.) In 2007, the Legislature substituted section 290.017's unlimited language describing the notification requirement for former section 290, subdivision (b)'s limited language describing the notification requirement. Consequently, we must presume that the Legislature made a deliberate choice to change the scope of the notification requirement. Furthermore, the fact that section 290.017 and section 290.015 were simultaneously enacted as parts of a single 2007 legislative act strongly suggests that section 290.017's notification requirement was intended in part to subserve section 290.015's newly added requirement that a section 290 registrant reregister after *each* custodial release if the term had been 30 days or more.[3] (Stats. 2007, ch. 579, § 23

---

[3] Both statutes were enacted in 2007 by Senate Bill No. 172. Because the sections adding these statutes were amended into the bill just before its passage, the legislative history contains no bill analyses addressing the intended scope of the notification requirement.

5

[adding § 290.015] and § 25 [adding § 290.017].) Since section 290.015's reregistration requirement applies upon *each release* from incarceration, not just the first such release, we may reasonably infer that the Legislature intended section 290.017's notification requirement also to apply upon each release.

We reject the Attorney General's argument to the contrary. While one might hope that such notification would be "unnecessary" since the section 290 registrant would be aware of each and every aspect of his or her registration obligations, a timely reminder of the precise nature of those obligations is neither "superfluous" nor "confusing." This is particularly true where the precise parameters of a section 290 registrant's obligations may change over time, as they did when section 290.015 was enacted. On its face, section 290.017 requires notification upon release and is not limited to the first such release. If the Legislature finds such a requirement too burdensome, it may add language to section 290.017, such as the language that appeared in former section 290, subdivision (b), limiting the notification obligation to a section 290 registrant's first release from incarceration.

## B.  Impact of Violation of Section 290.017

Defendant claims that the failure to comply with section 290.017 when he was released from jail in April 2014 means that he cannot be convicted of failing to reregister as required by section 290.015. We find that the failure to comply with section 290.017 does not mean that defendant cannot be convicted of failure to reregister because section 290.017 is directory rather than mandatory.

"[T]he 'directory' or 'mandatory' designation does not refer to whether a particular statutory requirement is 'permissive' or 'obligatory,' but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural

6

requirement relates." (*Morris v. County of Marin* (1977) 18 Cal.3d 901, 908.) "[I]n evaluating whether a provision is to be accorded mandatory or directory effect, courts look to the purpose of the procedural requirement to determine whether invalidation is necessary to promote the statutory design." (*People v. McGee* (1977) 19 Cal.3d 948, 958.) "If the failure to comply with a particular procedural step does not invalidate the action ultimately taken . . . the procedural requirement is referred to as 'directory.' If, on the other hand, it is concluded that noncompliance does invalidate subsequent action, the requirement is deemed 'mandatory.' " (*Edwards v. Steele* (1979) 25 Cal.3d 406, 410.) " 'Whether a particular statute is intended to impose a mandatory duty is a question of interpretation for the courts,' " which we resolve by examining the Legislature's intent. (*People v. Allen* (2007) 42 Cal.4th 91, pp. 101-102.)

"[A] violation of section 290 requires actual knowledge of the duty to register. A jury may infer knowledge from notice, but notice alone does not necessarily satisfy the willfulness requirement." (*People v. Garcia* (2001) 25 Cal.4th 744, 752.) Neither section 290.017 nor any other part of the current sex offender registration statutory scheme provides that the failure to provide a required notice is a defense to a charge of failing to comply with a registration obligation. The Legislature's intent not to provide for such a defense is clear from the legislative history. As we have already mentioned, former section 290, subdivision (b) contained a notification requirement before the 2007 enactment of section 290.017. That notification requirement did *not* expressly provide for *a defense* based on a failure to give the required notification. However, former section 290, subdivision (l) contained very narrow and specific notification requirements *and expressly provided for a defense* based on a failure to give those required notifications under certain circumstances. The 2006 version of former section 290, subdivision (l) provided: "(1) Every person who, prior to January 1, 1997, is required to register under this section, shall be notified whenever he or she next reregisters of the

7

reduction of the registration period from 14 to 5 working days. This notice shall be provided in writing by the registering agency or agencies. *Failure to receive this notification shall be a defense* against the penalties prescribed by subdivision (g) if the person did register within 14 days. [¶] (2) Every person who, as a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, is required to verify his or her registration every 90 days, shall be notified wherever he or she next registers of his or her increased registration obligations. This notice shall be provided in writing by the registering agency or agencies. *Failure to receive this notice shall be a defense* against the penalties prescribed by paragraph (5) of subdivision (g)." (Former § 290, subd. (l), italics added; Stats. 2006, ch. 538, § 500, pp. 4362, 4375.)

Subdivision (l) of former section 290 had contained similar provisions since 1985. (Stats. 1985, ch. 1474, § 1, pp. 5403, 5406.) A similar provision was first added to former section 290 in 1984, then appearing in subdivision (k). (Stats. 1984, ch. 1419, § 1, pp. 4988, 4990; Stats. 1979, ch. 944, § 8, pp. 3254, 3257.) At the time former section 290 was amended to add the provisions for a limited defense, subdivision (b) of former section 290 required notification without providing for a defense based on a failure to notify. The 2007 legislation that created section 290.017 eliminated former section 290, subdivision (l).

The Legislature's elimination of former section 290, subdivision (l)'s limited defense coupled with its decision not to provide for such a defense as to either former section 290, subdivision (b)'s notification requirement or section 290.017's notification requirement demonstrates that the Legislature did not intend for a failure to give those more general notifications to provide a defense to a charge of failure to register. "'Where a statute referring to one subject contains a critical word or phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent.'" (*In re Young* (2004) 32 Cal.4th 900, 907.) Here, former section 290,

8

subdivision (l) contained express language providing for a defense based on lack of notice. Section 290.017 does not contain such language, nor did former section 290, subdivision (b). The Legislature's intent to preclude such a defense for a violation of section 290.017 is clear. We hold that section 290.017's notification requirement is directory rather than mandatory.

Since there was substantial evidence that defendant had actual knowledge of his duty to reregister after his April 2014 release from jail, the failure to notify him of his duty did not preclude a conviction for failing to reregister.

## III.  Disposition

The judgment is affirmed.

_____
Mihara, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.




_____
Márquez, J.




People v. Toloy
H041657

Trial Court:                                        Monterey County Superior Court

Trial Judge:                                      Honorable Larry E. Hayes

Attorney for Defendant and Appellant:      Katherine Parsons Dwight
Under Appointment by the Sixth
District Appellate Program

Attorneys for Plaintiff and Respondent:     Kamala D. Harris
Attorney General of California

Jeffrey Laurence
Senior Assistant Attorney General

Eric Share
Supervising Deputy Attorney General

Alisha M. Carlile
Deputy Attorney General

People v. Toloy
H041657