Filed 10/26/15  P. v. Wells CA1/5
Opinion following rehearing

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**THE PEOPLE,**

    **Plaintiff and Respondent,**

    **v.**

**VERONIKA I. WELLS,**

    **Defendant and Appellant.**

_____/

**A142136**

**(Lake County
Super. Ct. Nos.
CR931905, CR933275)**

In 1982, appellant Veronika I. Wells was convicted of two counts of oral copulation with a person under 18 (Pen. Code, § 288a, subd. (b)(1))[1] and the trial court imposed mandatory sex offender registration pursuant to section 290.  In 2013, Wells pled no contest to failing to update her sex offender registration within five working days of her birthday (§ 290.012, subd. (a)) and the court suspended imposition of sentence and placed Wells on probation.  In 2014, Wells pled no contest to failure to register as a sex offender within five working days of moving (§ 290.013, subd. (a)).  The court concluded Wells violated probation, sentenced her to state prison, and ordered her to register as a sex offender pursuant to section 290.

On appeal, Wells contends: (1) trial counsel rendered ineffective assistance by failing to file a writ petition seeking relief from mandatory sex offender registration

---

[1]     Unless noted, all further statutory references are to the Penal Code.

1

under *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*); and (2) the court lacked jurisdiction at the sentencing hearing to order her to register as a sex offender. We filed our decision, then granted rehearing and considered the parties' additional arguments. We now reinstate our original opinion affirming the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 1982, Wells was convicted of two counts of oral copulation with a person under 18 (§ 288a, subd. (b)(1)) and the trial court imposed mandatory sex offender registration pursuant to section 290. In 2013, Wells pled no contest to failing to update her sex offender registration within five working days of her birthday (§ 290.012, subd. (a)) and the court suspended imposition of sentence and placed her on probation. Just over a month later, the probation department filed a violation notice and the People later charged her with two counts of failing to file a change of address within five working days of moving (§ 290.013, subd. (a)).

In 2014, Wells pled no contest to one count of failing to register a change of address within five days of moving (§ 290.013, subd. (a)), which the court determined constituted a probation violation. At the plea hearing, Wells's attorney noted, "I might add that under *Hofsheier*, . . . I've contacted the public defender in Orange County about getting a writ to have her registration requirement vacated. But I personally can't go to Orange County to do it."[2] At the sentencing hearing, Wells's attorney explained, "[h]er prior record consists of the underlying offense . . . from 1982 and represents conduct that . . . is no longer [ ] mandatory [registerable] conduct. But . . . it takes a [ ] writ to fix that. [¶] And the offense was in Orange County, and I called down there and sent emails and none of it was ever responded to." In May 2014, the court sentenced Wells to two years in state prison and ordered her to register as a sex offender pursuant to section 290.

---

[2]     Wells's 1982 conviction was in Ontario, California.

DISCUSSION

I.

*Wells's Ineffective Assistance of Counsel Claim Fails*

In *Hofsheier*, the California Supreme Court held mandatory sex offender registration for those convicted of voluntary oral copulation with a 16- or 17-year-old minor violated equal protection. (*Hofsheier, supra,* 37 Cal.4th at pp. 1192-1193.) *Hofsheier* created a class of persons who might be entitled to relief from the mandatory sex offender registration requirement. (See *People v. Picklesimer* (2010) 48 Cal.4th 330, 336-337.) Four years later, our high court held persons no longer in custody, whose appeals are final, must file a petition for writ of mandate in the trial court to obtain *Hofsheier* relief. (*Id.* at p. 335.) In early 2015, however, our high court overruled *Hofsheier* and held the mandatory lifetime sex offender registration requirement for those convicted of oral copulation with a minor under 16 (§ 288a, subd. (b)(2)) does not violate equal protection. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888 (*Johnson*).)

Wells contends trial counsel rendered ineffective assistance by failing to file a writ petition seeking relief under *Hofsheier* from the mandatory sex offender registration requirement. To prevail on a claim of ineffective assistance of counsel, defendant "must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice." (*People v. Bolin* (1998) 18 Cal.4th 297, 333.) Here, Wells cannot establish prejudice from trial counsel's failure to a petition for *Hofesheier* relief because *Johnson* overruled *Hofsheier*. The ruling in *Johnson* is retroactive. (*Johnson, supra,* 60 Cal.4th at p. 889.) Wells's inability to establish prejudice is fatal to her ineffective assistance of counsel claim. (*People v. Boyette* (2002) 29 Cal.4th 381, 430-431 [appellate court need not determine whether counsel's performance was deficient if there was no prejudice].)

3

## II.

### *The Court Had Jurisdiction to Order Wells to Register as a Sex Offender*

In her opening brief — and without citing authority — Wells argued the sentencing court lacked jurisdiction to order her to register as a sex offender because her "failures to update her registration and inform of a change of address . . . are not 'registerable offenses.'" We rejected this argument. We concluded Wells was convicted of two counts of oral copulation with a person under 18 in violation of section 288a, subdivision (b)(1). Section 290, subdivision (c) requires individuals convicted of violating section 288a to register as sex offenders. (*Johnson, supra,* 60 Cal.4th at p. 874.)

Wells filed a petition for rehearing, raising additional arguments and citing authority. Relying on *People v. Thomas* (1976) 65 Cal.App.3d 854 (*Thomas*), Wells claims the court lacked jurisdiction to order her to register as a sex offender because it sentenced her to state prison, and when a court "commits a defendant to prison, as in the present case, it cannot impose *any* conditions." We are not persuaded. The issues in *Thomas* were whether section 273d was unconstitutionally vague, and whether the victim was a "child" within the meaning of that statute. (*Thomas, supra,* at p. 856.) In dicta, the *Thomas* court noted the judgment directing the defendant to be imprisoned at a particular penal institution was a clerical error. (*Id.* at p. 858.) This case does not concern section 273d, nor a court order directing Wells to be imprisoned at a particular prison. *Thomas* is inapposite and does not assist Wells.[3]

When the court ordered Wells to register as a sex offender pursuant to section 290, it was not making a de novo determination; it was advising Wells to comply with her lifetime duty to register as a sex offender triggered by her 1982 conviction for violating

---

[3]    Nor are we persuaded by Wells's contention — raised for the first time in her petition for rehearing — that the court lacked "territorial jurisdiction" to impose the registration requirement because the conviction triggering her obligation to register occurred in Orange County, not Lake County. Wells does not argue the court lacked personal or subject matter jurisdiction over her, and she has not cited any cases supporting her argument.

4

section 288a, subdivision (b)(1). (See, e.g., *People v. Toloy* (2015) 239 Cal.App.4th 1116, 1118-1119, fn. omitted [a "section 290 registrant is required to reregister within five working days of his or her release after serving a jail sentence of 30 days or more"]; *People v. Garcia* (2001) 25 Cal.4th 744, 752 ["a violation of section 290 requires actual knowledge of the duty to register"]; see also § 290.015, subd. (a) ["[a] person who is subject to the Act shall register, or reregister if . . . she has previously registered, upon release from incarceration, placement, commitment"].)

Wells's claims that the court lacked jurisdiction to order her to register pursuant to section 290 fail.

DISPOSITION

The judgment is affirmed.

_____

Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.