Filed 2/23/24  P. v. Daniel CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KENNETH M. DANIEL,<br><br>  Defendant and Appellant. | B328816<br><br>(Los Angeles County Super. Ct. No. A348892) |

THE COURT:

  Kenneth Daniel appeals the order of the superior court denying his petition for writ of *coram nobis*.  We appointed counsel to represent Daniel on appeal.  After examination of the record, counsel filed an opening brief raising no issues and requesting that we exercise our discretion to independently review the record for arguable issues pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 228–232 (*Delgadillo*).

  Daniel filed a supplemental brief in which he argues the superior court erred in denying the petition.  We disagree and affirm the superior court's order.

# PROCEDURAL BACKGROUND

On January 26, 1981, Daniel pleaded guilty to one count of forcible rape in violation of Penal Code[1] sections 261.2 and 261.3 in Los Angeles County Superior Court case No. A348892. On February 23, 1981, in accordance with the plea agreement, Daniel was sentenced to a term of six years in state prison.

On November 14, 2022, Daniel filed a petition for writ of *coram nobis* in the superior court. In the petition, Daniel sought to vacate his 1981 rape conviction on the ground that at the time of his plea, the trial court did not advise him that by pleading guilty to rape he would be subject to a lifetime sex offender registration requirement. (§ 290.) Based on the petition, the supporting exhibits, and the Department of Corrections and Rehabilitation's Web site (which the court examined "to determine Petitioner's whereabouts and status"), the superior court denied the petition in a written order filed January 5, 2023.

The superior court found that the plea transcript confirmed Daniel's allegation that he was not informed of the lifetime sex offender registration requirement under section 290, and the abstract of judgment did not indicate the requirement was ever imposed. The court noted however, that Daniel did not assert he was not advised of the registration duty at sentencing, and in light of his complaint about the registration requirement, "it appears logical to conclude that the sentencing court ordered it."

The superior court also found that Daniel "was clearly aware that he had a duty to register" in any event, based on his own statements. Because his current prison commitment

---

[1] Undesignated statutory references are to the Penal Code.

2

commenced in October 2006,[2] the court reasoned that he had to have been released from custody after serving his sentence on the rape conviction. The court estimated that based on the sentence imposed in that case, he would have been released sometime in 1983 or 1984, and former section 290 required that a prisoner be advised of the duty to register upon release from custody. (See *People v. Toloy* (2015) 239 Cal.App.4th 1116, 1121.) Because it must be "presume[d] that this official duty was properly executed," the superior court concluded that Daniel "was aware of the duty to register no later than 1984, thirty-nine years ago."

## DISCUSSION

Because the instant appeal is not from his conviction, Daniel is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo, supra,* 14 Cal.5th at p. 226 ["the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief"]; *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.) However, although "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues," we are required to address the contentions Daniel raises in his supplemental brief. (*Delgadillo, supra,* 14 Cal.5th at p. 232 ["the Court of Appeal is required to evaluate the specific arguments

---

[2] This finding was based on the superior court's review of the records of the Department of Corrections and Rehabilitation.

presented in [the supplemental] brief and to issue a written opinion"].)

    1. *Applicable legal principles*

A writ of *coram nobis* is a narrow remedy used to secure relief when no other remedy exists. (*People v. Adamson* (1949) 34 Cal.2d 320, 326.) To obtain relief, the petitioner must establish the existence of some fact that, without his or her fault or negligence, was not presented to the court at trial and would have prevented the rendition of the judgment; the new evidence does not go to the merits of the issues of fact determined at trial; and the petitioner did not know and could not have with due diligence discovered the facts upon which he or she relies substantially earlier than the time the petition was filed. (*People v. Kim* (2009) 45 Cal.4th 1078, 1093 (*Kim*); *People v. Shipman* (1965) 62 Cal.2d 226, 230 (*Shipman*).)

However, " '[t]he writ of error *coram nobis* is not a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum*.' " (*Kim, supra,* 45 Cal.4th at p. 1094.) Rather, its use is restricted to correcting errors of fact which cannot be corrected in any other manner. (*Ibid.*) A *coram nobis* petition may raise only errors of fact, not errors of law. (*Id.* at p. 1093.) This limitation includes constitutional claims such as ineffective assistance of counsel where a defendant is not advised of certain legal consequences of his conviction. (*Kim,* at pp. 1095, 1104, 1108–1109; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1147.)

"For a newly discovered fact to qualify as the basis for the writ of error *coram nobis*, we look to the fact itself and not its legal effect. 'It has often been held that the motion or writ is not available where a defendant voluntarily and with knowledge of

4

the facts pleaded guilty or admitted alleged prior convictions because of ignorance or mistake as to the legal effect of those facts.' " (*Kim, supra,* 45 Cal.4th at p. 1093.)

Indeed, our Supreme Court has cited numerous examples of situations in which the writ of error *coram nobis* was found unavailable: "where trial counsel 'improperly induced' the defendant to plead guilty to render him eligible for diversion and the trial court eventually denied diversion (*In re Nunez* (1965) 62 Cal.2d 234, 236); where the defendant pleaded guilty to having a prior felony conviction when he was eligible to have the prior reduced to a misdemeanor (*People v. Banks*[ (1959)] 53 Cal.2d [370,] 379 [mistake of law]); where the defendant discovered new facts that would have bolstered the defense already presented at trial (*People v. Tuthill* (1948) 32 Cal.2d 819, 827 [concluding that although the new facts 'would have been material and possibly beneficial to the defendant' at trial, they would not have precluded entry of the judgment]); where the defendant mistakenly believed his plea to second degree murder meant he would serve no more than 15 years in prison (*People v. McElwee*[ (2005)] 128 Cal.App.4th [1348,] 1352 [this was 'not a mistake of fact but one of law']); where the defendant claimed neither his attorney nor the court had advised him before he pleaded that his convictions would render him eligible for civil commitment under the Sexually Violent Predators Act (SVPA) (*People v. Ibanez* (1999) 76 Cal.App.4th 537, 546 ['Defendant's ignorance regarding the potential for civil commitment under the SVPA is a legal, not a factual, question.']); and where the defendant challenged 'the legality of his arrest, the identity of the informant, and the failure of the court to make findings on the prior convictions' (*People v. Del Campo* (1959) 174 Cal.App.2d 217, 220 [*coram*

*nobis* denied on the ground that '[a]ll of these matters could have been raised on appeal'])." (*Kim, supra,* 45 Cal.4th at p. 1095.)

In view of the strict requirements for relief, "it will often be readily apparent from the petition and the court's own records that a petition for *coram nobis* is without merit and should therefore be summarily denied." (*Shipman, supra*, 62 Cal.2d at p. 230.) Accordingly, absent adequate factual allegations stating a prima facie case for relief, counsel need not be appointed for the petitioner. (*Id.* at p. 232; see *In re Clark* (1993) 5 Cal.4th 750, 780 [right to counsel attaches in postjudgment proceedings only after petitioner states a prima facie case for relief].)

We review the superior court's order denying a petition for writ of error *coram nobis* for abuse of discretion. (*Kim, supra*, 45 Cal.4th at p. 1095.)

2. *The superior court did not abuse its discretion in denying Daniel's petition for writ of* coram nobis

In its written order the superior court stated three grounds for denying Daniel's petition for writ of *coram nobis*. Each of them constituted a valid reason for denying relief, but one—that Daniel's delay in prosecuting the petition precludes relief—stands out as particularly compelling given the unexplained 39-year delay in filing the petition.

As the superior court explained, "Like all petitions for extraordinary relief, petitions for writs of *coram nobis* require that the petitioner demonstrate that he or she acted with 'due diligence' in raising the claim" (citing *Kim, supra,* 45 Cal.4th at pp. 1096–1097). *Kim* held that when a defendant seeks to vacate a final judgment of conviction " 'it is necessary to aver not only the probative facts upon which the basic claim rests, *but also the time and circumstances under which the facts were discovered*, in

6

order that the court can determine as a matter of law whether the litigant proceeded with due diligence; a mere allegation of the ultimate facts, or of the legal conclusion of diligence, is insufficient.' " (*Ibid.*)

Here, the superior court found that "[Daniel] had to have been aware of his duty to register no later than his release from prison on [the rape conviction,] Case Number A348892, which was either in or before 1984. Most likely, he was ordered to register at his sentencing hearing on February 23, 1981. . . . Yet, he waited at least thirty-nine years to raise the claim. He was out of custody for at least some of that period, his most recent prison commitment beginning in 2006. *He offers no credible explanation for this extraordinary delay.*" (Italics added.)

As our Supreme Court explained in *Kim*, the requirement of diligence in seeking the remedy of *coram nobis* "is not some abstract technical obstacle placed randomly before litigants seeking relief, but instead reflects the balance between the state's interest in the finality of decided cases and its interest in providing a reasonable avenue of relief for those whose rights have allegedly been violated." (*Kim, supra*, 45 Cal.4th at p. 1097.) The superior court in this case properly denied Daniel's petition for writ of *coram nobis* based on its conclusion that "the state has a strong interest in the finality of a nearly forty year-old sexual assault judgment and [Daniel] has completely failed to [state] a sufficient reason for his extraordinary delay in bringing this claim."

## DISPOSITION

The order of the superior court denying Daniel's petition for writ of *coram nobis* is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.