Filed 11/21/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MARK ANTHONY MORENO,<br><br>      Defendant and Appellant. | A138758<br><br>(City and County of San Francisco<br>Super. Ct. No. 2469933) |

Mark Moreno successfully petitioned the superior court to reduce two prior felonies to misdemeanors and dismiss them pursuant to Penal Code section 1203.4. [1] Thereafter, he petitioned the court for a certificate of rehabilitation under section 4852.01. The court denied the certificate of rehabilitation. Once Moreno's prior convictions were reduced, they were misdemeanors "for all purposes" as directed by section 17, subdivision (b). As a misdemeanant, the court concluded Moreno was not eligible for a certificate of rehabilitation because he was no longer a "person convicted of a felony" described in section 4852.01.

We agree with the trial court's construction of the relevant statutes. We also reject Moreno's claim that denying him the ability to pursue a certificate of rehabilitation while the opportunity is afforded to felons violates equal protection of the law. As we shall explain, felons who have had their crimes reduced to misdemeanors and dismissed are not similarly situated to those who remain felons following completion of parole or probation. Thus, we affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## BACKGROUND

In 1971, Moreno was convicted of felony possession of barbiturates in San Mateo County. The court placed Moreno on probation for two years with the condition that he serve one year in county jail. After his release from jail, Moreno successfully completed probation.

In 1973, Moreno was convicted in San Mateo County of assault with a deadly weapon, also a felony. The court granted probation for three years with the condition that Moreno serve a sentence of eight months in county jail. Again, he successfully completed probation.

Many years later, Moreno petitioned the court to declare the felony offenses misdemeanors and dismiss them pursuant to section 1203.4. The trial court granted his petition.

Two years later, Moreno petitioned the superior court for a certificate of rehabilitation and pardon pursuant to section 4852.01. He sought a hearing on the petition to present evidence of his rehabilitation.

The trial court denied Moreno's request because, once his crimes were reduced to misdemeanors and dismissed, he no longer qualified for a certificate of rehabilitation under the terms of section 4852.01. The court explained, "I mean for all intents and purposes, Mr. Moreno's misdemeanor convictions now have been dismissed under 1203.4. That relief should bring him some help in his search for work but he just doesn't fall within the statute for relief under 4852[.01]. [¶] . . . [¶] I've got to follow the plain language of the section. . . . I have to deny the motion on that ground."

Moreno timely appealed the court's order. He asserts that the court denied him his statutory right to petition for a certificate of rehabilitation when it erroneously determined he was no longer "convicted of a felony." Additionally, he argues that refusal to consider his petition denied him equal protection of the law because there is no rational basis to allow felons to petition for rehabilitation but deny that right to felons who have had their convictions reduced to misdemeanors.

**DISCUSSION**

**I. Statutory Construction and Equal Protection**

" 'As in any case involving statutory interpretation, our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose.' " (*People v. Cole* (2006) 38 Cal.4th 964, 974–975; *People v. Murphy* (2001) 25 Cal.4th 136, 142.) We examine the statutory language, and give it a plain and commonsense meaning. (*People v. Cole, supra*, 38 Cal.4th at 975.) We must also consult the text of associated and related statutes in an attempt to identify the role of each in the larger system of laws. (*People v. Frawley* (2000) 82 Cal.App.4th 784, 789.) Every statute should be construed with " 'reference to all other statutes of similar subject so that each part of the law as a whole may be harmonized and given effect.' " (*Ibid.*) If the statutory language is unambiguous, then the plain meaning controls. (*People v. Cole, supra*, 38 Cal.4th at 975.) It is only when the language supports more than one reasonable construction that we may look to extrinsic aids like legislative history and ostensible objectives. (*Ibid.*; *In re Young* (2004) 32 Cal.4th 900, 906.)

When a law is challenged as a violation of equal protection, we consider whether it affords different treatment to similarly situated persons. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.) Unless the law treats similarly situated persons differently on the basis of race, gender, or some other criteria calling for heightened scrutiny, we review the legislation to determine whether the legislative classification bears a rational relationship to a legitimate state purpose. (*Id.* at p. 1200.) If so, it will be upheld.

**II. The Statutory Language**

Section 4852.01 provides: "Any person convicted of a felony who, on May 13, 1943, was confined in a state prison or other institution or agency to which he or she was committed and any person convicted of a felony after that date who is committed to a state prison or other institution or agency may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter." (§ 4852.01, subd. (b).) Moreno argues that the trial court violated his statutory rights because he was

3

convicted of felonies in 1971 and in 1973, and thus consideration of his certificate of rehabilitation falls within the plain language of 4852.01.

Although Moreno was indeed convicted of two felonies in the 1970s, we do not construe section 4852.01 in isolation. Instead, we examine related statutes in order to determine the law's scope and purpose. (*People v. Cole, supra*, 38 Cal.4th at 974–975.) Section 4852.01 limits those eligible to apply for a certificate of rehabilitation to "any person convicted of a felony." (§ 4852.01, subd. (b).)[2]

Here, in June 2010, Moreno petitioned the superior court under section 1203.4 to reduce his offenses to misdemeanors and dismiss them. The court granted Moreno's request, and under section 17, subdivision (b)(3) his convictions are now misdemeanors for all purposes. Section 17, subdivision (b)(3) provides in relevant part, "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail . . . or by fine or imprisonment in the county jail, it is a misdemeanor *for all purposes* . . . [¶][w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation, *or on application of the defendant* or probation officer thereafter, the court declares the offense to be a misdemeanor." (Italics added.) In other words, the reduction of Moreno's crimes from felony offenses to misdemeanors for all future purposes changed their status, and they were no longer felonies. (*People v. Wilson* (1943) 59 Cal.App.2d 610, 611.) Once a court designates an offense as a misdemeanor for all purposes, a defendant is no longer considered a convicted felon. (*Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1485 [where felony conviction (discharging firearm in grossly negligent manner) had been reduced to misdemeanor for all purposes under section 17, subdivision (b)(3), defendant could not be denied teaching credential

---

[2]Moreno argues his petition for rehabilitation should be considered under section 4852.01, subdivision (b). We note that felons and misdemeanor sex offenders who received probation and relief under section 1203.4 are also eligible to petition for rehabilitation in certain circumstances. (§ 4852.01, subd. (c).) Our analysis and conclusion would be the same if Moreno were to argue he is eligible under section 4852.01, subdivision (c).

4

under Education Code section 44346.1 based on conviction of serious felony]; *People v. Gilbreth* (2007) 156 Cal.App.4th 53, 57 [where predicate felony conviction (evading officer) had been reduced to misdemeanor for all purposes under section 17, subdivision (b)(3), defendant could not be convicted of possession of firearm by convicted felon based on that conviction].)

The plain language of section 17, subdivision (b) unambiguously states that an offense is a misdemeanor for all purposes when the court grants probation without imposing sentence, and later declares the offense to be a misdemeanor. Here, after successfully completing probation, Moreno applied in 2010 to reduce his felony convictions to misdemeanors. The San Mateo County Superior Court granted Moreno's petition, declared the crimes misdemeanors for all purposes, and dismissed them. The decision to deny Moreno's 2012 petition for rehabilitation and pardon was statutorily correct because once Moreno's felony charges were reduced to misdemeanors, he was no longer within the purview of section 4852.01.

A court's designation of an offense as a misdemeanor under section 17 is controlling "for all purposes" thereafter, unless the legislature has indicated a clear intention to the contrary. (*People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1391.) The legislature has not given any such contrary indication. Moreno falls within the plain language of section 17, subdivision (b)(3). The trial court correctly denied Moreno's application because he became ineligible for a certificate of rehabilitation after his offenses were declared misdemeanors for all purposes.

## III. Equal Protection

Moreno also argues that denying him a certificate of rehabilitation because his felonies were reduced to misdemeanors while affording such relief to convicted felons violates the equal protection clause. We disagree. Felons eligible for rehabilitation and ex-felons whose convictions have been reduced to misdemeanors are not similarly situated groups.

The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly

5

situated groups in an unequal manner. (*People v. Hofsheier, supra*, 37 Cal.App.4th at 1199.) We do not inquire whether persons are similarly situated for all purposes, but whether they are similarly situated for purposes of the law challenged. (*Id.* at pp. 1199– 1200.) This prerequisite means that an equal protection claim cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the distinction is justified. (*People v. Travis* (2006) 139 Cal.App.4th 1271, 1291.) "The analysis will not proceed beyond this stage if the groups at issue are not ' "similarly situated with respect to the legitimate purpose of the law," ' or if they are not similarly situated, but receive ' "like treatment." ' Identical treatment is not required." (*In re Jose Z.* (2004) 116 Cal.App.4th 953, 960.)

Moreno's equal protection claim fails under the first prerequisite. He is not similarly situated to felons because his felony offenses were reduced to misdemeanors and dismissed. Moreno contends there is no distinction between the two groups because as a former felon granted probation conditional upon a term in county jail, he was "convicted of a felony" and "committed to a state prison or other institution or agency" as described in section 4852.01. Accordingly, Moreno asserts there are two categories of felons being treated unequally in this case because some felons are eligible for a certificate of rehabilitation while others are denied eligibility on the ground that they have had their conviction reduced and dismissed. We disagree.

Moreno sought reduction of his charges to misdemeanors and petitioned to have them dismissed. He was successful. As set forth above in section II of this discussion, they are now misdemeanors for all purposes. The long term effects of misdemeanor and felony convictions are significantly different. (*In re Valenti* (1986) 178 Cal.App.3d 470, 475.) Felons are uniquely burdened by a collection of statutorily imposed disabilities, and may be impeached on the basis of their prior felony conviction. (*Ibid.*) "Upon his release from prison, the ex-felon cannot simply resume the life he led before prison as if nothing had happened. Besides the well-known informal discriminations, he or she confronts a battery of statutory disabilities" such as the loss of the right to vote, the

6

inability to serve on petit or grand juries, and in some instances the inability to possess a concealable weapon. (*Sovereign v. People* (1983) 144 Cal.App.3d 143, 148.) "The ex-felon may be impeached as a witness or as a defendant on the basis of his prior conviction, and his prior conviction may be used as a sentence enhancement in any criminal proceeding." (*Ibid*.) A misdemeanant, after serving a sentence, suffers no further obligation, disability, or loss of civil rights. (*In re Valenti*, *supra*, 178 Cal.App.3d at 475; *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 712.)

Moreover, the purpose of section 4852.01 is to afford an avenue for felons who have proved their rehabilitation to reacquire lost civil and political rights of citizenship. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 230.) Moreno had his civil and political rights restored when the court reduced his felony convictions to misdemeanors for all purposes under section 17, subdivision (b), and granted his application under section 1203.4. " 'The expunging of the record of conviction [under section 1203.4] is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation.' " (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788–789.) " 'When such an order has been entered there is no further criminal prosecution pending against the defendant. He has then, without any further showing of rehabilitation on his part, received a statutory rehabilitation and a reinstatement to his former status in society insofar as the state by legislation is able to do so.' " (*Id.* at p. 787.) Thus, even were felons and misdemeanants in similar circumstances, we would not conclude that they receive significantly different treatment under sections 4852.01 and 1203.4 for equal protection analysis. Parties in similar circumstances are entitled to like treatment. "Identical treatment is not required." (*In re Jose Z., supra*, 116 Cal.App.4th at p. 960.)

We do not intend to diminish his achievements in any way, but Moreno has essentially secured the relief he now seeks. He was no longer subjected to the statutory disabilities or deprivations which accompany or ensue from a felony conviction after the court declared his offenses misdemeanors for all purposes. (*Macfarlane v. Department of Alcoholic Beverage Control* (1958) 51 Cal.2d 84, 89.) When Moreno obtained relief

7

under sections 1203.4 and 17, subdivision (b), he was no longer labeled nor similarly situated to a felon.  A certificate of rehabilitation in these circumstances would afford him nothing he has not already acquired under section 1203.4.  "The certificate of rehabilitation and executive pardon do not automatically remove all of the foregoing disabilities.  But they do eliminate or significantly ameliorate some.  Most significantly, the granting of a pardon based on a certificate of rehabilitation results in the restoration of full civil and political rights." (*Sovereign v. People*, *supra*, 144 Cal.App.3d at p. 149.)  Here, Moreno's civil and political rights were restored when the court dismissed the misdemeanor charges.

The trial court correctly denied Moreno's petition for rehabilitation and pardon and did not deny him equal protection of the law.

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.


*People v. Moreno*, A138758

9

| | |
|---|---|
| Trial Court: | Superior Court of the City and County of San Francisco |
| Trial Judge: | Honorable Philip J. Moscone |
| Counsel for Defendant and Appellant: | Jonathan Soglin<br>L. Richard Braucher<br>FIRST DISTRICT APPELLATE PROJECT |
| Counsel for Plaintiff and Respondent: | Kamala D. Harris, Attorney General<br><br>Dane R. Gillette, Chief Assistant Attorney General<br><br>Gerald A. Engler, Senior Assistant Attorney General<br><br>Jeffrey M. Laurence, Supervising Deputy Attorney General<br><br>Aileen Bunney, Deputy Attorney General |