Filed 7/7/16  P. v. Salazar CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDREW MICHAEL SALAZAR, JR.,<br><br>Defendant and Appellant. | F070281<br><br>(Super. Ct. No. FP004047A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Harry A. Staley, Judge.

Law Offices of Robert D. Salisbury and Robert D. Salisbury for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Kerry Ramos, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Poochigian, J. and Smith, J.

Appellant Andrew Michael Salazar, Jr., appeals from the trial court's denial of his request to terminate his lifetime sex offender requirement. We affirm.

## FACTS

In 1994, Salazar was convicted in Kern County Superior Court of rape by force or fear (Pen. Code § 261, subd. (2)),[1] false imprisonment (§ 236), and spousal abuse (§ 273.5, subd. (a)), and sentenced to an eight-year prison term.

On August 24, 1999, Salazar was arrested for a parole violation and subsequently committed to prison to finish serving a term on the violation.

On June 30, 2000, Salazar was convicted of misdemeanor infliction of corporal injury on a spouse and subsequently returned to prison to serve a term for violating his parole.

On June 13, 2001, Salazar was released on parole.

On July 25, 2001, Salazar was arrested for violating his parole and subsequently returned to prison to finish a term on the violation.

On August 4, 2002, Salazar was discharged from parole.

On June 30, 2014, Salazar filed a petition for a certificate of rehabilitation and pardon pursuant to section 4852.01 asking the court to issue a certificate of rehabilitation, a recommendation to the Governor for a full pardon, and an order relieving him from sex offender registration requirements (§§ 290-290.46) and removing his picture and information from the Internet. In the moving papers, Salazar contended that his right to the equal protection of the law would be violated if his lifetime sex offender registration and the publishing of his picture and information on the Internet were not terminated.

On August 15, 2014, at a hearing on Salazar's petition, the court took the matter under submission. Later that day, it issued an order granting Salazar's petition for a certificate of rehabilitation and pardon and denying his request to be relieved of his

---

[1] All further statutory references are to the Penal Code.

obligation to register as a sex offender and to have his photo and information removed from the Internet.

## DISCUSSION

Salazar contends that section 290.5 subdivision (a) violates equal protection principles of the state and federal Constitutions because it prohibits offenders who have been convicted of rape in violation of section 261, subdivision (a)(2) (rape by force, violence, duress, menace, or fear) from being relieved of the requirement to register as sex offenders while permitting defendants convicted of rape in violation of section 261, subdivision (a)(7) (rape by threat to use public authority to incarcerate, arrest, or deport) to be relieved of this requirement. He also requests that this court remand this matter to the trial court so that it may terminate his lifetime duty to register as a sex offender. There is no merit to Salazar's equal protection claim.

"When a law is challenged as a violation of equal protection, we consider whether it affords different treatment to similarly situated persons. [Citation.] Unless the law treats similarly situated persons differently on the basis of race, gender, or some other criteria calling for heightened scrutiny, we review the legislation to determine whether the legislative classification bears a rational relationship to a legitimate state purpose. [Citation.] If so, it will be upheld." (*People v. Moreno* (2014) 231 Cal.App.4th 934, 939.)

Section 290.5, in pertinent part, provides:

"(a)(1) A person required to register under Section 290 for an offense not listed in paragraph (2), upon obtaining a certificate of rehabilitation under Chapter 3.5 (commencing with Section 4852.01) of Title 6 of Part 3, shall be relieved of any further duty to register under Section 290 if he or she is not in custody, on parole, or on probation.

"(2) A person required to register under Section 290, upon obtaining a certificate of rehabilitation under Chapter 3.5 (commencing with Section 4852.01) of Title 6 of Part 3, shall not be relieved of the duty to register under Section 290, or of the duty to register under Section 290 for any

3.

offense subject to that section of which he or she is convicted in the future, if his or her conviction is for one of the following offenses:  [¶] . . . [¶]

"(D) Paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261.  [¶] . . . [¶]

"(b)(1) . . . a person described in paragraph (2) of subdivision (a) shall not be relieved of the duty to register until that person has obtained a full pardon as provided in Chapter 1 (commencing with Section 4800) or Chapter 3 (commencing with Section 4850) of Title 6 of Part 3."

Section 261, in pertinent part, provides:

"(a) Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: [¶] . . . [¶]

"(2) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another.  [¶] . . . [¶]

"(7) Where the act is accomplished against the victim's will by threatening to use the authority of a public official to incarcerate, arrest, or deport the victim or another, and the victim has a reasonable belief that the perpetrator is a public official. . . ."

Section 290, in pertinent part, provides:

"(b) Every person described in subdivision (c), for the rest of his or her life while residing in California, or while attending school or working in California, . . . shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides, and shall be required to register thereafter in accordance with the Act.

"(c) The following persons shall be required to register:

"Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a

4.

violation of . . . *paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261*, . . . or any person who since that date has been or is hereafter convicted of the attempt or conspiracy to commit any of the above-mentioned offenses." (Italics added.)

It is clear from the plain language of section 290 that it requires lifetime registration as a sex offender for defendants who commit rape through the use of force, violence, etc., but does not require such registration for defendants who commit rape by "threatening to use the authority of a public official to incarcerate, arrest, or deport the victim or another." (§ 261, subd. (a)(7).)

"Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199-1200.) Since section 290.5 applies only to defendants, like Salazar, whose lifetime sex offender registration was imposed pursuant to section 290, for purposes of section 290.5 Salazar is not similarly situated to defendants convicted of rape by threat of use of public authority for whom section 290 does not mandate lifetime registration.

However, even if Salazar were similarly situated to defendants who commit rape by threat of use of public authority, we would nevertheless reject his equal protection claim. "Where the statutory distinction at issue neither 'touch[es] upon fundamental interests' nor is based on gender, there is no equal protection violation 'if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]' [Citation.]" (*People v. Alvarado* (2010) 187 Cal.App.4th 72, 76.) " ' " 'The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future. [Citation.]' " ' [Citations.] In recent years, section 290 registration has acquired a second purpose: to notify members of the public of the existence and location of sex offenders so they can take protective measures. [Citation.]" (*People v. Hofsheier*, *supra*, 37 Cal.4th at p. 1196.)

The Legislature could reasonably have found that defendants who commit rape through the use of force, violence, etc., pose a greater danger to the public and are in greater need of supervision than those who commit rape by threat of use of public authority to arrest, incarcerate, or deport.  Thus, there exists a rational basis for the Legislature to make it more difficult for defendants who commit rape through the use of force, violence, etc., to be relieved of the lifetime registration requirement by requiring them to obtain a pardon.  Accordingly, we reject Salazar's equal protection claim.

**DISPOSITION**

The judgment is affirmed.[2]

---

[2]     Salazar's request for publication of this opinion is denied.