Filed 2/27/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EDMOND BEDROSSIAN,<br><br>        Defendant and Appellant. | A151917<br><br>(City & County of San Francisco<br>Super. Ct. No. CT16019536) |

Edmond Bedrossian appeals the denial, as premature, of a petition to be deemed factually innocent of domestic violence allegations and to have the records of his arrest destroyed. Although we acknowledge Bedrossian's legitimate interest in obtaining a determination before the expiration of the three-year limitations period for the filing of felony charges against him, we agree with the trial court that his petition was not ripe under the provisions of the applicable statute, Penal Code section 851.8,[1] and that these provisions violate neither his right to due process nor equal protection restrictions. Therefore, we shall affirm the order denying his petition.

**Background**

On November 1, 2016, Bedrossian was arrested on suspicion of felony false imprisonment and misdemeanor battery. (§§ 236, 243, subd. (e)(1).) On November 10, 2016, after the San Francisco District Attorney's Office declined to press charges, Bedrossian successfully moved pursuant to section 849.5 to have his arrest deemed a detention. At the same time, Bedrossian filed a petition pursuant to section 851.8 to be found factually innocent of all charges and to have the record of his arrest destroyed.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

The trial court denied the petition on the ground that under the statute the request for a determination of factual innocence may not be presented until the statute of limitations has run on the potential charges—in this case, one year for misdemeanor battery and three years for felony false imprisonment. (§§ 801, 802, subd. (a).).

Bedrossian appeals the denial of his petition.

## Discussion

Section 851.8 reads in relevant part: "(a) In any case where a person has been arrested and no accusatory pleading has been filed, the person arrested may petition the law enforcement agency having jurisdiction over the offense to destroy its records of the arrest. . . . The law enforcement agency having jurisdiction over the offense, upon a determination that the person arrested is factually innocent, shall, with the concurrence of the prosecuting attorney, seal its arrest records, and the petition for relief under this section for three years from the date of the arrest and thereafter destroy its arrest records and the petition. . . . [¶] (b) If, after receipt by both the law enforcement agency and the prosecuting attorney of a petition for relief under subdivision (a), the law enforcement agency and prosecuting attorney do not respond to the petition by accepting or denying the petition within 60 days after the running of the relevant statute of limitations or within 60 days after receipt of the petition in cases where the statute of limitations has previously lapsed, then the petition shall be deemed to be denied. In any case where the petition of an arrestee to the law enforcement agency to have an arrest record destroyed is denied, petition may be made to the superior court that would have had territorial jurisdiction over the matter. . . . If the court finds the arrestee to be factually innocent of the charges for which the arrest was made, then the court shall order the law enforcement agency . . . to seal their records of the arrest and the court order to seal and destroy the records."

Bedrossian contends that insofar as section 851.8, subdivision (b) requires the statute of limitations to lapse before the petition can be adjudicated, it violates his state constitutional right to procedural due process (Cal. Const., art. I, §§ 7, 15) and his federal constitutional right to equal protection (U.S. Const., 14th Amend.).

A procedural due process claim under the California Constitution focuses "on an individual's due process liberty interest to be free from arbitrary adjudicative procedures." (*Ryan v. California Interscholastic Federation-San Diego Section* (2001) 94 Cal.App.4th 1048, 1069; see *People v. Ramirez* (1979) 25 Cal.3d 260, 269.) "[P]rocedural due process under the California Constitution is 'much more inclusive' and protects a broader range of interests than under the federal Constitution [citations]. According to our Supreme Court, it 'has expanded upon the federal analytical base by focusing on the administrative process itself.' [Citation.] . . . [W]hen a person is deprived of a statutorily conferred benefit, due process analysis must start . . .with an assessment of what procedural protections are constitutionally required in light of the governmental and private interests at stake.' [Citations.] [¶] The *Ramirez* court instructed the state courts to ' "evaluate the extent to which procedural protections can be tailored to promote more accurate and reliable administrative decisions in light of the governmental and private interests at stake." ' " (*Ryan, supra*, at pp. 1069-1070.) Once a statutory right has been identified, the Supreme Court in *Ramirez* articulated the factors that generally should be considered in determining whether a restriction violates due process as follows: "(1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, (3) the dignitary interest in informing individuals of the nature, grounds and consequences of the action and in enabling them to present their side of the story before a responsible governmental official, and (4) the governmental interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (*Ramirez, supra,* at p. 269.)

As Bedrossian asserts, section 851.8 confers the right to have the government destroy any record of arrest for which there is no factual basis. He argues that the delay imposed under section 851.8, subdivision (b) for the exercise of this right is arbitrary and unreasonably interferes with his ability to engage in his profession. He explains that he "is a highly-regarded oral surgeon who frequently travels internationally to perform

3

surgeries on behalf of charities. He also consults and testifies as an expert witness in his field. . . . He is concerned that his arrest record will subject him to additional scrutiny and potential problems with foreign and domestic customs. As public records background checks are commonplace by attorneys, he will likely not be retained by counsel fearing that he may be impeached or embarrassed by the introduction of facts regarding his arrest."

Bedrossian's concerns are to an extent speculative; his counsel's declaration offers no specifics to substantiate or gauge the severity or likelihood of their occurrence. Nonetheless, the Attorney General acknowledges and we agree that he has a substantial interest in protecting his reputation as a law-abiding citizen. However, as he recognizes, his interest must be weighed against the governmental interests at stake, and the Attorney General persuasively argues that these interests are significant. The Attorney General asserts that the waiting period imposed under section 851.8 is necessary to ensure that law enforcement agencies have sufficient time to investigate and prosecute suspected crimes. As he explains, "The district attorney's decision not to pursue a case does not mean that the district attorney will not reconsider that decision if additional evidence is uncovered or additional witnesses come forth in the future. This happens with some regularity. New and more sophisticated scientific techniques frequently result in more evidence being obtained, and reluctant witnesses frequently change their minds about cooperating with police as time goes by. Permitting destruction of appellant's records before the limitations period has run precludes any reexamination and deprives the state of the full period the Legislature has granted it to bring charges." The Attorney General also points out that the risk that one in Bedrossian's position will be harmed by the delay in the destruction of arrest records has been largely mitigated by other statutory provisions. (See *Loder v. Municipal Court* (1976) 17 Cal.3d 859, 869, 874 [The Legislature has provided that arrests not resulting in conviction shall not be recorded as arrests but simply as "detentions" and has moved to prevent criminal record information from being improperly used as a basis for denying the former arrestee opportunities for personal advancement.]; see also Lab. Code, § 432.7 ["No employer, whether a public

4

agency or private individual or corporation, shall ask an applicant for employment to disclose, through any written form or verbally, information concerning an arrest or detention that did not result in conviction."].)

The relative weight of these considerations justifies the statute's timing restriction and negates Bedrossian's due process claim. Bedrossian asserts that the legislative safeguards to which respondent points will not be effective in his case because of the unique nature of his profession. To whatever extent there is merit in this unsupported contention, section 851.8 nonetheless strikes a reasonable balance between his and the government's competing interests. As the Attorney General argues, "The factors are analyzed as a general matter, not with respect to appellant's particular case. (*Matthews v. Eldridge* [(1976)] 424 U.S. [319,] 344 ['[P]rocedural due process rules are shaped by the risk of error inherent in the truthfinding process as applied to the generality of cases, not the rare exceptions.'].)"

Bedrossian also contends section 851.8 violates equal protection because "[t]hose who were arrested on, but never charged with, misdemeanor offenses may petition the court after one year, while individuals who were arrested on, but never charged with, felony offenses must wait three years to do so." "When a law is challenged as a violation of equal protection, we consider whether it affords different treatment to similarly situated persons. [Citation.] Unless the law treats similarly situated persons differently on the basis of race, gender, or some other criteria calling for heightened scrutiny, we review the legislation to determine whether the legislative classification bears a rational relationship to a legitimate state purpose. [Citation.] If so, it will be upheld." (*People v. Moreno* (2014) 231 Cal.App.4th 934, 939.)

Bedrossian contends that persons arrested for committing felony and misdemeanor offenses are similarly situated and that the different waiting periods imposed by the statute are arbitrary and irrational because the classification is based only on a police officer "making in-the-moment charging recommendations" and not on the exercise of prosecutorial discretion. We disagree both with the premise that persons charged with misdemeanors and persons charged with felonies are similarly situated and, in any event,

5

that the difference in treatment is irrational. Persons arrested for the commission of a felony are suspected of having committed a more serious offense and face more serious consequences than those arrested for a misdemeanor. Although the initial determination is made by the arresting officer, it is not an arbitrary determination. Police officers regularly exercise discretion in making such determinations and a lawful warrantless felony arrest requires a showing of probable cause. (§ 836.) Because felonies have a "more serious effect upon the morals, the safety, [and] the welfare of the community" (*People v. Dawson* (1930) 210 Cal. 366, 371), the Legislature reasonably adopted a lengthier statute of limitations to allow for proper investigation. Accordingly, the application of different waiting periods under section 851.8 does not violate equal protection.

## Disposition

The order denying Bedrossian's petition under section 851.8 as premature is affirmed.

Pollak, Acting P.J.

We concur:

Siggins, J.
Jenkins, J.

6

Trial court:                                Superior Court of County of San Francisco

Trial judge:                                 Honorable Charles Crompton

Counsel for plaintiff and respondent:     Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Seth K. Schalit, Supervising Deputy Attorney General, Moona Nandi, Deputy Attorney General

Counsel for defendant and appellant:    Law Office of David E. Wise, David E. Wise, Nicholas Seymour

A151917